Filed 4/27/21  P. v. Melendez CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H046868 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. EE907212) |
| v. | |
| JUAN FELIPE MELENDEZ, | |
| Defendant and Appellant. | |

In 2011, a jury convicted appellant Juan Felipe Melendez of multiple felonies, including robbery and attempted robbery, and found true allegations concerning personal use of a firearm.  In addition, Melendez pleaded guilty to possession of a controlled substance.  The trial court sentenced Melendez to 16 years in prison, which included then-mandatory firearm use enhancements.  This court affirmed the convictions in 2013.

In 2018, the Secretary of the Department of Corrections and Rehabilitation (CDCR) wrote a letter to the trial court recommending, under Penal Code section 1170, subdivision (d),[1] that the court recall Melendez's sentence and resentence him.  In the letter, CDCR asked the court to consider a then-recent amendment to section 12022.53, subdivision (h), that empowers the court to strike or dismiss firearm use enhancements

---

[1] Unspecified statutory references are to the Penal Code.

under section 1385. The trial court held a hearing on the recommendation but declined to recall the sentence and resentence Melendez. Melendez appeals the trial court's order, asserting the court abused its discretion when it failed to strike the firearm use enhancements.

For the reasons explained below, we affirm the trial court's order. Additionally, we direct the trial court to correct errors that we have identified in the current abstract of judgment.

## I. FACTS AND PROCEDURAL BACKGROUND

A. *Procedural Background*

In July 2011, a jury found Melendez guilty of second degree robbery (§§ 211, 212.5, subd. (c); count 1), attempted second degree robbery (§§ 664, 211, 212.5, subd. (c); count 2), possession of a silencer (former § 12520; count 3), possession of material with intent to make a destructive device (former § 12312; count 5), possession of metal knuckles (former § 12020, subd. (a)(1); count 6), dissuading a witness (§ 136.1, subd. (c)(1); count 7), and conspiracy to commit robbery (§ 182, subd. (a)(1); count 8). The jury found true allegations that Melendez personally used a firearm in the commission of the robbery and attempted robbery (§ 12022.53, subd. (b)), personally used a firearm in the commission of the conspiracy (§ 12022.5, subd. (a)), and was armed with a firearm while dissuading a witness (§ 12022, subd. (a)(1)). The jury also found Melendez sane at the time of the robbery, attempted robbery, conspiracy, and dissuading offenses. In addition, Melendez pleaded guilty to possession of a controlled substance. (Health & Saf. Code, § 11377, subd. (a); count 4.)

On November 3, 2011, the trial court sentenced Melendez to an aggregate term of 16 years in prison. The court imposed a two-year lower term for count 1 (robbery), with a 10-year term for the firearm use enhancement; a consecutive eight-month term for count 2 (attempted robbery), with a three-year, four-month term for the firearm use

enhancement; and concurrent terms for counts 3 through 7 (the various possession counts). The court stayed the terms for count 8 (dissuading) pursuant to section 654.

In April 2013, this court affirmed the judgment with modifications to various monetary assessments, surcharges, and penalties.[2] (*People v. Melendez* (Apr. 2, 2013, H037581) [nonpub. opn.].)

On May 11, 2015, the trial court granted a petition for recall of sentence under section 1170.18 and reduced Melendez's conviction on count 4 (possession of a controlled substance) to a misdemeanor. The court resentenced Melendez to one year in county jail on count 4, which it deemed completed. In addition, on the felony counts (i.e., counts 1–3 and 5–8), the court resentenced Melendez to the same 16-year aggregate sentence it had previously imposed.

In November 2018, CDCR submitted a letter to the trial court recommending recall of Melendez's sentence and resentencing pursuant to section 1170, subdivision (d). CDCR noted that Melendez's conviction included two allegations of personal use of a firearm under section 12022.53, subdivision (b). CDCR asked the court to consider the Legislature's amendment to section 12022.53, subdivision (h), which empowered the court to strike or dismiss firearm use enhancements in the interest of justice under section 1385. (See Stats. 2017, ch. 682 [Sen. Bill No. 620 (2017-2018 Reg. Sess.); effective Jan. 1, 2018])

In light of CDCR's letter, Melendez filed a request to set a resentencing hearing, which the trial court granted. On February 6, 2019, Melendez filed a resentencing memorandum and supporting exhibits. The Santa Clara County District Attorney (district attorney) opposed any reduction in Melendez's sentence.

---

[2] The opinion in Melendez's first appeal was not published in the official reports. In his respondent's brief, the Attorney General requests that we take judicial notice of the record and filings in the prior appeal, and Melendez has not opposed this request. We take judicial notice of the briefs and our unpublished opinion in case No. H037581. (See Evid. Code, §§ 452, subd. (d), 459.)

On March 29, 2019, after a two-day hearing on the CDCR's recommendation, the trial court declined to resentence Melendez.

Melendez timely filed a notice appeal from the trial court's order, asserting a right to appeal under section 1273, subdivision (b).[3]

B. *Facts of the Offenses*[4]

"Using the name Lucas Rossi, [Melendez] responded to Craigslist ads placed by Lawrence Dauch, who was selling an expensive watch, and by Pierre St. Cyr, who was selling a video camera. [Melendez] arranged to meet both men on August 18, 2006. A woman using the name Sophia helped [Melendez] set up the meeting with St. Cyr. [¶] [Melendez] met Dauch first, robbing him of the watch and then threaten[ing] him. A few hours later, [Melendez] attempted to rob St. Cyr of the video camera. In both instances, [Melendez] used a gun with a silencer. He also wore a fedora hat, sunglasses, and a fake mustache in both crimes. In 2009, [Melendez] was identified by fingerprints found on the victims' vehicles."

"On July 22, 2009, officers executed a search warrant at [Melendez]'s apartment. They located a silencer, a .22-caliber handgun, three fedora hats, sunglasses, brass knuckles, pills containing MDMA, and a computer. The police also located a plastic bag containing the following items: smokeless gun powder, a roll of electrical tape, a package of rocket motor igniters, two nine-volt batteries, one nine-volt battery wired to a push-button switch, an electrician's tool, a roll of insulated copper wire, a roll of gauged wire, a four-inch piece of PVC pipe with end caps and a small hole drilled into one end, and a seven-inch piece of PVC pipe with a small hole drilled into one end."

---

[3] "An order declining to follow the [CDCR]'s recommendation pursuant to section 1170, subdivision (d)(1), is an appealable order." (*People v. Frazier* (2020) 55 Cal.App.5th 858, 863, fn. 2.)

[4] We take these facts from this court's opinion in Melendez's direct appeal. (See fn. 2, *ante*.)

C. *Background Related to the CDCR's Recommendation for Recall and Resentencing*

When the trial court originally sentenced Melendez in November 2011, it imposed an aggregate term of 16 years. That sentence was higher than the 12 years sought by Melendez and lower than both the 20 years suggested by the Santa Clara County Probation Department and the 22 years sought by the district attorney. At Melendez's 2011 sentencing, the court said "it seemed clear that [Melendez] did have some mental health issues" at the time of the robbery and attempted robbery. The court also noted that Melendez had no prior criminal record but said Melendez's crimes showed "planning, sophistication, and a disregard for the victims." The court ordered the mitigated term of two years on count 1 (robbery) because of Melendez's mental health issues and lack of prior record. On count 2 (attempted robbery), the court imposed eight months consecutive because Melendez committed "distinct violent acts involving separate victims." In addition, the court imposed three years and four months for the firearm enhancement on count 2 "in light of the fact that the gun with the silencer was used in both robberies."

In November 2018, CDCR submitted a "cumulative case summary and evaluation report" (capitalization omitted) (hereafter evaluation report) along with its letter to the trial court recommending recall and resentencing. The evaluation report noted that Melendez had received no disciplinary reports during his seven years in CDCR's custody. The evaluation report also described numerous "self-help activities" (capitalization omitted) in which Melendez had engaged while serving his prison sentence. The activities included working as a full-time literacy tutor for the voluntary education program; completing sessions of various self-help, therapeutic, and other prison programs; being a member of the prison's youth diversion outreach program; and participating in and serving his church community.

5

Melendez filed a resentencing memorandum that included a letter he wrote to the trial court; CDCR's letter and evaluation report; dozens of supportive letters from family members, friends, fellow inmates, and officials who had interacted with Melendez during his incarceration; a declaration of a social worker addressing Melendez's social and mental health history; and some of Melendez's prison records. Melendez asked the trial court to recall his sentence and suggested that the court strike the firearm enhancements on counts 1 and 2 (leaving a sentence of 2 years and 8 months), strike the firearm enhancement for count 1 (leaving a sentence of 6 years), strike the firearm enhancement for count 2 and impose a concurrent sentence on count 2, or revise the sentence on count 2 to run concurrent to count 1 (leaving a sentence of 12 years). Further, in reply to the district attorney's opposition to resentencing, Melendez filed additional exhibits, including his apology to the robbery victim (Dauch), a social worker's evaluation regarding the appropriateness of resentencing and releasing Melendez on parole, and additional supportive letters.

The judge who originally sentenced Melendez in 2011 presided at the hearing on CDCR's recall and resentencing recommendation. More than a dozen witnesses spoke favorably of Melendez at the hearing. Melendez also spoke to the trial court. In addition, Dauch addressed the court, describing Melendez's manipulative behavior during the crime and the harm Melendez had caused. Dauch said he did not want Melendez's sentence to be shortened.

After hearing from the witnesses, listening to the arguments of counsel, and taking a week to consider the matter, the trial court declined to resentence Melendez. The court noted that Melendez had "behaved admirably in prison" and had assisted many of his fellow inmates. The court also acknowledged that Melendez had "a strong support group" and that his mother's request for his release was "genuine and moving."

The trial court said that "there is no doubt Mr. Melendez has made good use of his time in prison" but the court also had to "consider the underlying facts in this case."

6

Melendez had used a firearm (which appeared functional to the victims) when he committed the robbery and attempted robbery and caused the victims to fear for their safety. Melendez also acted with an accomplice to commit the crimes and did not disclose the identity of that person to law enforcement.

The trial court noted that the legislative amendment giving courts discretion to strike a firearm enhancement did "not mean that every case should result in a reduced sentence even if recommended by the prison." Rather, the court "should calmly and objectively consider all factors and after reflection exercise its discretion in a fair and equitable manner."

The trial court said it had reviewed the original 2011 sentence and noted it had exercised its discretion to impose the lower term despite the fact that "there were aggravators" "such as planning, sophistication, [and] theft of great value." The court also observed that it had run many of the sentences concurrently, even though there were grounds for a harsher sentence, and it had considered "the evidence of mental illness even though the defense of insanity was rejected by the jury." Further, the court had imposed a 16-year sentence when the probation department and the district attorney each had sought a longer term. The court concluded its ruling saying, "After careful consideration of all factors, the Court declines to alter the sentence previously imposed. The petition for re-sentencing is denied."

## II. DISCUSSION

A. *Denial of Sentence Recall and Resentencing*

Melendez contends the trial court abused its discretion when it failed to strike the firearm enhancements upon CDCR's recommendation that the court recall Melendez's sentence and resentence him.

Section 1170, subdivision (d), " 'is an exception to the common law rule that the court loses resentencing jurisdiction once execution of sentence has begun.' " (*People v. McCallum* (2020) 55 Cal.App.5th 202, 210 (*McCallum*).) Section 1170, subdivision

7

(d)(1), "provides 'the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary [of CDCR,] . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence.' [Citation.] Section 1170, subdivision (d)(1), provides further as to resentencing that the court 'shall apply the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing. The court resentencing under this paragraph may reduce a defendant's term of imprisonment and modify the judgment, including a judgment entered after a plea agreement, if it is in the interest of justice.' " (*Ibid*., fn. omitted.)

"In deciding whether to recall a sentence under section 1170, subdivision (d)(1), the trial court may exercise its authority 'for any reason rationally related to lawful sentencing.' [Citation.] Further, section 1170, subdivision (d)(1), expressly authorizes the court in resentencing a defendant to consider 'postconviction factors, including, but not limited to, the inmate's disciplinary record and record of rehabilitation while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the inmate's risk for future violence, and evidence that reflects that circumstances have changed since the inmate's original sentencing so that the inmate's continued incarceration is no longer in the interest of justice.' " (*McCallum*, *supra*, 55 Cal.App.5th at p. 210; see also *People v. Delson* (1984) 161 Cal.App.3d 56, 62 [recall and resentencing under section 1170, subdivision (d), "is permissive, not mandatory"].)

Further, current section 12022.53, subdivision (h), permits sentencing courts to strike a firearm enhancement "in the interest of justice pursuant to Section 1385," and this authority "applies to any resentencing that may occur pursuant to any other law." (§ 12022.53, subd. (h).) When making a determination under section 12022.53, subdivision (h), "[i]n addition to the factors expressly listed for determining whether to

8

strike enhancements listed in California Rules of Court, rule 4.428(b), the trial court is also to consider the factors listed in California Rules of Court, rule 4.410 (listing general objectives in sentencing), as well as circumstances in aggravation and mitigation under [California Rules of Court,] rules 4.421 and 4.423." (*People v. Pearson* (2019) 38 Cal.App.5th 112, 117 (*Pearson*).)

"We review the trial court's decision whether to recall a defendant's sentence for an abuse of discretion." (*McCallum*, *supra*, 55 Cal.App.5th at p. 211.) Similarly, a trial court's decision on whether to strike a firearm enhancement is reviewed for abuse of discretion. (*Pearson*, *supra*, 38 Cal.App.5th at p. 116.) " ' "Where, as here, a discretionary power is statutorily vested in the trial court, its exercise of that discretion 'must not be disturbed on appeal *except* on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice. [Citations.]' " [Citation.] The abuse of discretion standard "involves abundant deference" to the court's ruling.' " (*McCallum*, at p. 211.)

In the present case, the record demonstrates that the trial court understood and appropriately exercised its discretion whether to recall Melendez's sentence and resentence him. When ruling, the court said it "ha[d] considered the pleadings filed by both parties, probation report, and also the evidence and arguments presented at the various hearings in this matter." The court expressly acknowledged some of the information that had been presented and reiterated the reasons why it had originally sentenced Melendez the way it did. The court's statements indicate that it considered the various factors prescribed by the relevant Penal Code sections and court rules and decided not to recall or alter Melendez's sentence.

We are not called upon here to decide whether on these facts we would have reached the same decision as the trial court. Although we commend Melendez's behavior while in custody, we cannot on this record conclude that the trial court acted in an arbitrary, capricious, or absurd manner when it declined to recall Melendez's sentence

9

and strike the firearm enhancements.  We conclude that the court acted within the bounds of its discretion and thus reject Melendez's claim of error.

B.  *Corrections to the Abstract of Judgment*

In reviewing the record in this appeal, we have noticed errors in the current abstract of judgment dated May 29, 2015.  That abstract of judgment was generated after the trial court, on May 11, 2015, granted a petition to recall Melendez's sentence, under section 1170.18, and resentenced Melendez.  Although neither party in this appeal has mentioned any such errors, we observe that the abstract of judgment incorrectly states Melendez was convicted on counts 1 through 3 and 5 through 8 by plea.  In fact, Melendez was convicted on those counts by a jury.  Furthermore, the May 29, 2015 abstract of judgment does not include the stayed firearm enhancement (§ 12022.5, subd. (a)) on count 8.  Accordingly, we direct the trial court to prepare an amended abstract of judgment that correctly reflects Melendez's convictions were by a jury and the stayed firearm enhancement on count 8.  (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

## III.  DISPOSITION

The trial court's March 29, 2019 order declining to resentence defendant under Penal Code section 1170, subdivision (d)(1), is affirmed.  In addition, the trial court is directed to correct the May 29, 2015 abstract of judgment to indicate that defendant's convictions on counts 1–3 and 5–8 were by a jury and that a firearm enhancement under Penal Code section 12022.5, subdivision (a), on count 8 was ordered stayed.  The trial court is further directed to forward an amended abstract of judgment to the Department of Corrections and Rehabilitation.

_____

Danner, J.

WE CONCUR:


_____

Elia, Acting P.J.


_____

Grover, J.


**H046868**
***People v. Melendez***